## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARETT R. JENKINS,<br><br>        Plaintiff<br><br>v.<br><br>MICROBILT CORPORATION.<br><br>        Defendant. | CASE NO.<br><br>[REF: NASSAU COUNTY DISTRICT COURT, FIRST DISTRICT, INDEX NO. CV-005263/NA]<br><br>A CIVIL ACTION |

## DEFENDANT MICROBILT CORPORATION'S NOTICE OF REMOVAL

Defendant, MicroBilt Corporation, ("MicroBilt"), by and through its counsel, Bruce S. Luckman, Esquire, of Sherman Silverstein, hereby files the within Notice of Removal of this action, captioned Jarett R. Jenkins v. MicroBilt, from the Nassau County District Court, 1st District, County of Nassau, State of New York, CV-005263-25, to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and in support thereof avers as follows:

1. On April 28, 2025, Plaintiff, Jarett R. Jenkins, ("Plaintiff") commenced an action captioned Jarett R. Jenkins v. MicroBilt, from the Nassau County District Court, 1st District, County of Nassau, State of New York, CV-005263-25 (the "State Court Action").

2. A true and correct copy of the Complaint is attached hereto as **Exhibit "A."**

3. The Complaint was received by MicroBilt on or after May 5, 2025 by certified mail.

4. No further pleadings have been filed, and no further proceedings have been had, in the State Court Action.

5. Removal is timely because thirty (30) days have not expired since the State Court Complaint was received. See 28 U.S.C. § 1446(b)(1).

6. As of this date MicroBilt is the only defendant in this action.

-2-

7. The State Court Action is a civil action for which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, because the State Court Complaint expressly alleges that MicroBilt violated the Fair Credit Reporting Act, 15 U.S.C. §§1681, et seq. (the "FCRA"), and seeks money damages pursuant to the FCRA. See Exhibit A, ¶4 expressly averring "Jurisdiction under the [FCRA]…". and violations of the FCRA, First Cause, ¶¶ 11– 15.

8. MicroBilt expressly denies violating the FCRA, and expressly denies causing any harm to Plaintiff for which he is entitled to standing or relief. MicroBilt reserves all defenses under the FCRA and any state laws alleged in connection with the allegations of the State Court Complaint.

9. Because the State Court Action expressly arises out of an alleged violation of the FCRA, however, it presents a federal question.

10. As the State Court Action is a "civil action arising under the Constitution, laws, or treaties of the United States," this Court has original subject matter jurisdiction over same pursuant to 28 U.S.C. § 1331, regardless of the amount in controversy.

11. Venue is proper in the United States District Court for the Eastern District of New York, because the Plaintiff commenced the original State Court Action in this District. See 28 U.S.C. § 112(c); see also id. § 1441(a). See also Complaint, ¶5.

12. Pursuant to 28 U.S.C. § 1446(a), all pleadings served upon MicroBilt to date are attached hereto.

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff.

14. A copy of this Notice of Removal will be duly filed with the Clerk of the Nassau County Court upon receipt of this Court's docket number.

-3-

**WHEREFORE**, Defendant MicroBilt Corporation, respectfully requests that the above-described action now pending in the Nassau County District Court be removed to this Court.

Date: June 2, 2025

Respectfully submitted,

/s/ Bruce S. Luckman
Bruce Luckman, Esquire (BL-3461)
Sherman, Silverstein, Kohl,
 Rose & Podolsky
308 Harper Drive – Suite 200
Moorestown, NJ  08057
Telephone: (856) 662-0700
Facsimile: (856) 488-4744
Bluckman@shermansilverstein.com

# EXHIBIT A

# NOTICE OF FILED LAWSUIT

April 28, 2025

Jarrett R. Jenkins
334 Locust Street, Apt. 1
West Hempstead, NY 11552
jrobertjenkins@gmail.com

Walter Wojciechowski, CEO or current CEO
Microbilt Corporation
100 Canal Pointe Blvd., Suite 208
Princeton, NJ 08540

Dear Mr. Wojciechowski or current CEO,

I wish to inform you that I have filed a case against Microbilt in my local District Court for violation of The Fair Credit Reporting Act (FCRA) 15 USC §1681 *et seq.*

I have enclosed a copy of said Complaint and the amount of statutory damages I am claiming is $1,000.00. I have also attached a copy of the page of my credit report with the date of the violation in question.

As you can see, I chose **not to** officially **serve** Microbilt in the hopes that, this matter can be settled without any further involvement of the Court. If you do not respond to this letter within 10 days, I shall be forced to further adjudicate this matter.

Best regards,

/s/Jarrett R. Jenkins
Jarrett R. Jenkins

Nassau County District Court - 1st District
County of Nassau
-----------------------------------------------x
Jarrett R. Jenkins
        Plaintiff(s)
   -against-
Microbilt Corporation
        Defendant(s)
-----------------------------------------------x



**SUMMONS**
Index No. **CV-005263-25/NA**

Plaintiff's Residence Address:
Jarrett R. Jenkins, at 334 Locust Street, Apt. 1, West Hempstead, NY 11552

The basis of the venue designated is:
<u>Plaintiff resides in Nassau County</u>

To the above named defendant:
YOU ARE HEREBY SUMMONED and required to appear in the District Court of the COUNTY OF Nassau, Nassau County District Court - 1st District, at the office of the Clerk of the said Court at 99 Main Street, Hempstead, NY 11550 in the County of Nassau, State of New York, by serving an answer to the annexed complaint upon plaintiff's attorney, at the address stated below, or if there is no attorney, upon the plaintiff, at the address stated above, within the time provided by law as noted below; upon your failure to answer, judgment will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: April 28, 2025
**BRENDA HAYDEN**
**CLERK - CIVIL TERM**

_____
Clerk of the Court

Nassau County District Court - 1st District, on the request of self-represented plaintiff:
Jarrett R. Jenkins, at 334 Locust Street, Apt. 1, West Hempstead, NY 11552; (516) 688-0078,

NOTE: The law or rules of court provide that:
  a. if this summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the County of Nassau you must answer within 20 days after such service; or
  b. if this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court.
  c. You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought within 10 days of the service of the answer.

To: <u>Microbilt Corporation, at 100 Canal Pointe Blvd., Suite 208, Princeton, NJ 08540</u>

DISTRICT COURT COUNTY OF NASSAU
FIRST DISTRICT, CIVIL PART

------------------------------------------------------------X

Jarrett R. Jenkins,

                Plaintiff,                    **COMPLAINT**

    -against-

Microbilt Corporation,                         **FORMAL PLEADINGS**

               Defendant,

------------------------------------------------------------X

Comes now, the Plaintiff, Jarrett R. Jenkins respectfully submits and alleges as follows:

## PARTIES

1. Plaintiff, Jarrett R. Jenkins is a natural person who resides at 334 Locust Street, Apt. 1 West Hempstead, NY 11552.

2. Defendant, Microbilt Corporation (hereinafter "Microbilt") is a Delaware business entity who is authorized to do business in the State of New York with its principal place of business at 100 Canal Pointe Blvd., Suite 208, Princeton, NJ 08540.

3. Upon information and belief, Defendant operated on its' own behalf at all times or as an agent, affiliate, partner, and/or under or through the employ of an unknown entity.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 USC §1331 and pursuant to The Fair Credit Reporting Act (hereinafter "FCRA"), 15 USC §1681p).

5. Venue is proper in this district because the cause of action arouse in Nassau County which is located in the Eastern District Of New York.

6. Upon information and belief Defendant accesses consumer credit reports from the national credit reporting agencies i.e. Equifax, Equifax, Transunion and Innovis; as such is governed under the law by

the FCRA.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his Equifax consumer credit report on or about February 8, 2025.

8. Plaintiff found after examining his Equifax consumer credit report that the Defendant, Microbilt had obtained the Plaintiff's Equifax consumer credit report on December 11, 2024.

9. Discovery of the violation brought forth herein occurred on February 8, 2025 and is within the statute of limitations as defined in the FCRA, 15 U.S.C. §1681p.

## FIRST CAUSE OF ACTION: 15 U.S.C.§1681b
## FAIR CREDIT REPORTING ACT VIOLATION

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

12. Equifax is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

14. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

15. Such permissible purposes as defined by 15 U.S.C. §1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bonafide offer of credit or insurance as a result of the inquiry.

16. On the date of the inquiry, Plaintiff did not have any business relationship, dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bonafied offer of credit from the Defendant, Microbilt.

17. On December 11, 2024, Defendant obtained the Equifax consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. §1681b.

18. At no time did Plaintiff give his consent for Microbilt to acquire his consumer credit report from any credit reporting agency.

19. The action of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. §1681b and an egregious violation of the Plaintiff's right to privacy, not to mention, the embarrassment, humiliation, powerlessness and other mental and emotional distress related to the alleged event.

20. The Defendant had the duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining the Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain the Plaintiff's credit report therefore, the Plaintiff is entitled to damages.

21. As a result of Microbilt's willful practice of violating The Fair Credit Reporting Act, Microbilt is liable under 15 U.S.C. §1681n for punitive damages in an amount sufficient to deter Microbilt from engaging in this kind of illegal practice in the future. In the alternative, the Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

22. The Plaintiff is entitled to recover actual damages and/or statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff, Jarrett R. Jenkins prays that the Court enter an order against the Defendant, Microbilt Corporation, that:

1. Declares' that the Defendant's conduct violated the FCRA;
2. Awards statutory damages of $1,000.00 as listed under the FCRA, pursuant to 15 U.S.C. §1681n (a)(1)(A) or in the alternative for negligent conduct pursuant to 15 U.S.C. §1681o,
3. If the Court allows, award punitive damages as provided under the FCRA, pursuant to 15 U.S.C.

§1681n (a)(2),

4. Award any attorney's fees and costs pursuant to 15 U.S.C. §1681n (a) (3),

5. Other damages as allowed by the court.

                                        Respectfully Submitted,

April 28, 2025

                                      */s/ Jarrett R. Jenkins*
                                      Jarrett R. Jenkins, Plaintiff
                                      334 Locust Street, Apt. 1
                                      West Hempstead, NY 11552
                                      516-688-0078
                                      jrobertjenkins@gmail.com

## VERIFICATION

Jarrett R. Jenkins, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Jarrett R. Jenkins, Plaintiff

Sworn to before me this
28th day of April, 2025

_____
Notary Public

KERRY DEWI ANN HYLTON-BENNETT
Notary Public - State of New York
No. 01HY0027251
Qualified in Nassau County
My Commission Expires July 29, 2028



Dec 11, 2024    MICROBILT CORPORATION                                        Credit Report

