IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JARRETT R. JENKINS,<br><br>    Plaintiff,<br><br>v.<br><br>MICROBILT CORPORATION,<br><br>    Defendant. | ANSWER AND AFFIRMATIVE DEFENSES OF MICROBILT CORPORATION<br><br>Case No.: 2:25-cv-03055 |

## **ANSWER AND AFFIRMATIVE DEFENSES**

Comes now Defendant MicroBilt Corporation, ("MicroBilt"), by and through its undersigned counsel, and answers the Complaint ("Complaint") of Plaintiff Jarrett R. Jenkins ("Plaintiff") as follows:

## **PRELIMINARY STATEMENT**

MicroBilt denies violating the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (the "FCRA") and denies requesting, obtaining, reselling or furnishing a consumer report concerning Plaintiff in violation of the FCRA or otherwise, or causing Plaintiff any harm for which he is entitled to relief. Upon information and belief, Plaintiff is the subject of a December 3, 2024 Civil Judgment in the amount of $54,381.00 in the Nassau Supreme Court (Mineola), captioned Fox Capital Group v Jarrett Jenkins, et al. No. 6113552023. MicroBilt lawfully resold an Equifax Bank & Debtor report to its authorized and credentialed business customer on December 11, 2024 seeking to collect on that judgment, which is an FCRA compliant act and permissible purpose. The related inquiry was a "soft inquiry" which is only seen by Plaintiff, and does not impact Plaintiff's credit score in any way.

4084106.1

Because the furnishing of the report was lawful, there was no FCRA violation and Plaintiff suffered no harm for which he is entitled to relief.

## PARTIES

1. MicroBilt is without knowledge sufficient to admit or deny at this time.

2. MicroBilt admits solely that it is a Delaware corporation with an office address in Princeton, New Jersey and is authorized to do business in New York.

3. Denied.

## JURISDICTION AND VENUE

4. The allegations of this paragraph are conclusions of law to which no response is required.

5. The allegations of this paragraph are conclusions of law to which no response is required.

6. MicroBilt denies the allegation as stated and admits solely that it is a consumer reporting agency and reseller as defined by the FCRA and expressly denies it accesses consumer report as alleged herein, and further denies violating the FCRA.

## GENERAL ALLEGATIONS

7. After reasonable investigation, MicroBilt is without information sufficient to admit or deny the allegation.

8. After reasonable investigation, MicroBilt is without information sufficient to admit or deny the allegation, except expressly denies it obtained Plaintiff's consumer report from Equifax, or otherwise.

9. After reasonable investigation, MicroBilt is without information sufficient to admit or deny the allegation.

### First Cause of Action – FCRA Violation §1681b

10. MicroBilt repeats and realleges each and every response to paragraphs 1 – 9 above as if set forth in full.

11. MicroBilt denies the allegations as conclusions of law to which no responsive pleading is required.

12. MicroBilt denies the allegations as conclusions of law to which no responsive pleading is required.

13. MicroBilt denies the allegations as conclusions of law to which no responsive pleading is required.

14. MicroBilt denies the allegations as conclusions of law to which no responsive pleading is required.

15. MicroBilt denies the allegations as conclusions of law to which no responsive pleading is required.

16. Denied. MicroBilt expressly denies violating the FCRA or requesting Plaintiff's consumer report as alleged in the Complaint. Further, MicroBilt denies Plaintiff's characterization of the inquiry which, in fact, concerns a permissible purpose in connection with a third party's lawful collection of a judgment debt against Plaintiff. The request resulted in a soft inquiry on Plaintiff's report, which is only seen by the Plaintiff, not any third party, and which automatically ages off one (1) year after the inquiry, and has no impact on Plaintiff's credit score. The inquiry did not and cannot cause Plaintiff any harm for which he is entitled to

relief.

17. Denied. MicroBilt expressly denies violating the FCRA or requesting Plaintiff's consumer report as alleged in the Complaint. Further, MicroBilt denies Plaintiff's characterization of the inquiry which, in fact, concerns a permissible purpose in connection with a third party's lawful collection of a judgment debt against Plaintiff. The request resulted in a soft inquiry on Plaintiff's report, which is only seen by the Plaintiff, not any third party, and which automatically ages off one (1) year after the inquiry, and has no impact of Plaintiff's credit score. Therefore, the inquiry did not and cannot cause Plaintiff any harm for which he is entitled to relief or otherwise.

18. Denied. MicroBilt did not acquire Plaintiff consumer report, a fact of which Plaintiff is aware.

19. Denied. MicroBilt expressly denies willfully or negligently violating the FCRA or requesting Plaintiff's consumer report as alleged in the Complaint. Further, MicroBilt denies Plaintiff's characterization of the inquiry which, in fact, concerns a permissible purpose in connection with a third party's lawful collection of a judgment debt against Plaintiff. The request resulted in a soft inquiry on Plaintiff's report, which is only seen by the Plaintiff, not any third party, and which automatically ages off one (1) year after the inquiry, and has no impact of Plaintiff's credit score. Therefore, the inquiry did not and cannot cause Plaintiff any harm for which he is entitled to relief or otherwise.

20. Denied. MicroBilt expressly denies violating the FCRA or requesting Plaintiff's consumer report as alleged in the Complaint. Further, MicroBilt denies Plaintiff's characterization of the inquiry which, in fact, concerns a permissible purpose in connection with

a third party's lawful collection of a judgment debt against Plaintiff. The request resulted in a soft inquiry on Plaintiff's report, which is only seen by the Plaintiff, not any third party, and which automatically ages off one (1) year after the inquiry, and has no impact of Plaintiff's credit score.  Therefore, the inquiry did not and cannot cause Plaintiff any harm for which he is entitled to relief or otherwise.

21.     Denied. MicroBilt expressly denies willfully or negligently violating the FCRA or requesting Plaintiff's consumer report as alleged in the Complaint. Further, MicroBilt denies Plaintiff's characterization of the inquiry which, in fact, concerns a permissible purpose in connection with a third party's lawful collection of a judgment debt against Plaintiff. The request resulted in a soft inquiry on Plaintiff's report, which is only seen by the Plaintiff, not any third party, and which automatically ages off one (1) year after the inquiry, and has no impact of Plaintiff's credit score.  Therefore, the inquiry did not and cannot cause Plaintiff any harm for which he is entitled to relief or otherwise.

22.     MicroBilt denies the allegations as conclusions of law to which no responsive pleading is required and expressly denies violating the FCRA or that the legal contention has any application to the circumstances alleged in the Complaint and denies causing Plaintiff any harm for which he is entitled to relief.

**WHEREFORE**, MicroBilt demands judgment dismissing Plaintiff's Complaint with prejudice, and awarding MicroBilt such additional relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, MicroBilt hereby asserts the following

affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's allegations and accusations against MicroBilt are unfounded, internally irreconcilable, implausible, hypothetical and demonstrate a failure to investigate the facts allegedly supporting the allegations and claims. In particular, the subject inquiry was in connection with a third party's collection of one of many judgments against Plaintiff. MicroBilt was the reseller of an Equifax Bank & Debtor report to such third party, and did not obtain a report for its own use. Further, when requested, the report results in a soft inquiry, which has no affect on a credit score, and which is not ever seen by a third-party.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

MicroBilt has, at all material times with respect to Plaintiff, acted in good faith and complied fully with the FCRA and did not improperly acquire or furnish confidential information, financial information or other information in violation of the FCRA or otherwise, or fail to disclose information to Plaintiff and at all times followed reasonable procedures regarding acquiring, reselling and furnishing of reports.

### FOURTH AFFIRMATIVE DEFENSE

Based upon the averments upon which Plaintiff's claims are made, MicroBilt is immune from suit under the FCRA.

### FIFTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was not caused by any act or omission of MicroBilt.

## SIXTH AFFIRMATIVE DEFENSE

Any harm suffered by Plaintiff was caused by Plaintiff's own conduct, and/or failure to mitigate damages, if any, or the conduct of third parties over which MicroBilt has no control or authority.

## SEVENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff, MicroBilt's conduct and any alleged communications were privileged, FCRA compliant and true.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because MicroBilt acted in accordance and compliance with industry standards and customs and applicable federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

Any claim for exemplary or punitive damages asserted by Plaintiff violates MicroBilt's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable New York State Constitution.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by the provisions of 15 U.S.C. § 1681n.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff was not harmed and as such he lacks Article III standing to proceed in this Court.

## THIRTEENTH AFFIRMATIVE DEFENSE

MicroBilt reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

**WHEREFORE**, MicroBilt demands judgment dismissing Plaintiff's Complaint with prejudice, and awarding MicroBilt such additional relief under section 1681n(c) and otherwise as the Court deems just and proper.

Respectfully submitted,

DATED: June 27, 2025    By:    /s/ Bruce S. Luckman
Bruce S. Luckman (BL – 3461)
Sherman Silverstein
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744

*Attorneys for Defendant, MicroBilt Corporation*