

*** Filed ***
03:04 PM, 14 Nov, 2025
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Steven L. Tiscione
Honorable U.S. Magistrate Judge
100 Federal Plaza
Courtroom 910, Chambers 914
Central Islip, NY 11722

<u>**Via ECF – November 14, 2025**</u>

**Re:** Jenkins v. MicroBilt Corp., No. 2:25-cv-03055-NCM-ST
**Plaintiff's Renewed Letter Motion to Compel Discovery Responses (ECF-21 Renewal of ECF-18) (FRCP 26, 33, 34, 36, 37(a))**

Dear Judge Tiscione:

Plaintiff respectfully renews his Letter Motion to Compel (ECF-18). Defendant MicroBilt Corporation has not cured the discovery deficiencies identified in Plaintiff's September 27, 2025 Deficiency Demand, the October 9, 2025 Final Cure Notice, or the original Motion to Compel. The supplemental packets served on November 5 and November 7, 2025 (attached as Exhibits 11 and 12), submitted pursuant to ECF-21, do not cure any outstanding defects. Exhibit 12 is identical to Exhibit 11 except for the cover-letter date. All substantive citations refer to Exhibit 11.

**All deficiencies raised in ECF-18 remain outstanding**. The November 5 and November 7 packets contain identical substantive content. As set forth in the accompanying Declaration, the supplemental materials do not address the majority of outstanding Requests and do not cure the violations already before the Court. MicroBilt remains out of compliance with the Federal Rules and the Court's directive in ECF-21.

**I. Interrogatories Remain Non-Compliant (FRCP 33(b)(3), 33(b)(5) and 26(g))**

Defendant has failed to provide complete and compliant answers to **all fourteen (14) interrogatories** (ROGs 1–14). None of the interrogatories has been answered "separately and fully" as required by Rule 33(b)(3), and the deficiencies identified in ECF-18 remain entirely uncured.

Defendant continues to rely on boilerplate and "not susceptible to a response" objections; refuses to identify all facts, witnesses, and documents supporting its defenses; and does not provide substantive responses to straightforward inquiries concerning the December 11, 2024 credit pull. The CEO verification included in the November supplement satisfies only Rule 33(b)(5)'s signature requirement and does not cure any substantive defects.

Defendant also invokes privilege in several interrogatory responses but produced **no privilege log**, as required by Rule 26(b)(5). Further, because Defendant re-served responses previously identified as defective in Plaintiff's September 27 and October 9 notices, counsel's signature constitutes a **false Rule 26(g) certification** that the responses were complete and made after reasonable inquiry.

## II. Requests for Production Remain Non-Compliant (FRCP 26(g), 34(b)(2))

The supplemental RFP responses in Exhibits 11 and 12 suffer from the same defects raised in ECF-18:

1. No linkage between RFPs and Bates numbers.
2. Defendant produced six Bates-stamped pages (MB00118–00123) but still refuses to identify which (if any) Requests for Production those pages are intended to satisfy.
3. No statement whether documents are being withheld.
4. Rule 34(b)(2)(C) requires a responding party to state whether responsive materials are being withheld based on objections. Defendant did not do so for any Request.
5. **No Rule 26(g) certification** of completeness or reasonable inquiry.
6. No page in either supplemental packet contains a Rule 26(g) signature certifying completeness or confirming that a reasonable search was conducted.
7. No representation the production is complete.

Defendant will not state whether the six pages produced constitute the entire universe of responsive documents after a reasonable search.

None of the RFP deficiencies identified in ECF-18 have been cured.

## III. The supplemental production is facially inadequate.

Six pages (MB00118–00123) do not satisfy the numerous RFPs served, including Requests relating to:

1. the entity that obtained Plaintiff's consumer report;
2. contracts, agreements, or service records supporting permissible purpose;
3. all communications regarding the December 11, 2024 credit pull;
4. internal notes, audit logs, or data transmitted to or received from third parties.

Defendant has not complied with ECF-21 or FRCP 34.

## IV. Requests for Admission Remain Deficient (FRCP 36(a)(4))

The RFA responses in Exhibit 11 do not contain the clear admissions or denials required by Rule 36(a)(4). Defendant continues to rely on objections or narrative statements without directly admitting or denying the Requests. This is the same defect raised in ECF-18, and nothing has been cured.

## V. No Privilege Log Was Produced (FRCP 26(b)(5))

Defendant asserts privilege in both interrogatory and RFP responses but did not produce a privilege log in either supplemental packet. Rule 26(b)(5) mandates a privilege log when withholding documents. Defendant is therefore in continuing violation of the Rules.

## VI. The Deficiencies Identified in ECF-18 Remain Uncured

The supplemental packets served pursuant to ECF-21 address only a small subset of Plaintiff's discovery requests and fail to cure the deficiencies documented in:

- Plaintiff's September 27, 2025 Deficiency Demand (Ex. 7 to ECF-18)
- Plaintiff's October 9, 2025 Final Cure Notice (Ex. 10 to ECF-18)
- Plaintiff's original Motion to Compel (ECF-18 and Exhibits 1-10)

Because Defendant has not complied with FRCP 26, 33, 34, or 36, and has not meaningfully remedied the defects identified months ago, court intervention is now required.

**VII. Relief Requested**

Plaintiff respectfully requests that the Court:

1. Grant the renewed letter motion to compel,
2. Order Defendant to provide full, rule-compliant responses to all outstanding Interrogatories, RFPs, and RFAs, without objections that violate the Rules;
3. Order Defendant to serve a complete Rule 26(g) certification;
4. Order Defendant to produce a privilege log, if asserting privilege;
5. Order Defendant to identify which Bates-stamped pages correspond to which specific Request for Production;
6. Order Defendant to state whether any responsive materials are being withheld based on objections;
7. Award Plaintiff his reasonable expenses incurred in connection with ECF-18 and this renewed motion, pursuant to FRCP 37(a)(5)(A);

Award any further relief the Court deems just and proper under FRCP 37(a).

Respectfully submitted,

/s/ Jarrett R. Jenkins_____
Jarrett R. Jenkins
334 Locust Street, Apt. 1
West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com

cc: Bruce Luckman (via ECF & email at bluckman@shermansilverstein.com)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
Jarrett R. Jenkins,

                       Plaintiff,

                                                       Case No. 2:25-cv-03055-NCM-ST

       -against-

Microbilt Corporation.,

                       Defendant,
------------------------------------------------------------------X

### DECLARATION OF JARRETT R. JENKINS
IN SUPPORT OF RENEWED LETTER MOTION TO COMPEL
(ECF-21 Renewal of ECF-18)

I, **Jarrett R. Jenkins**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

**1.** I am the Plaintiff in this action and submit this declaration in support of my renewed Letter Motion to Compel under Fed. R. Civ. P. 37(a) and Local Rules 37.1–37.3. I have personal knowledge of the facts described herein.

**2. I received two supplemental discovery mailings from Defendant after ECF-21.**

    a) On November 12, 2025, I received two separate packets from Defendant MicroBilt Corporation, dated November 5, 2025 and November 7, 2025.
    b) These packets are attached as **Exhibits 11 and 12**.
    c) Defendant explained that the November 7 packet was re-mailed because the cover letter in the November 5 packet was incorrectly dated.
    d) Except for the differently dated cover letters, **both packets contain the same materials**, and Exhibit 12 is a duplicate of Exhibit 11.
    e) All substantive citations refer to **Exhibit 11**.

**3. The November supplemental responses do not cure the deficiencies raised in ECF-18, the September 27 Deficiency Demand, or the October 9 Final Cure Notice.**

    a) Exhibit 11 contains Defendant's supplemental responses to Interrogatories, Requests for Production, and Requests for Admission, along with six Bates-stamped pages labeled **MicroBilt00118–00123**.
    b) These materials address **only a limited subset** of Plaintiff's discovery requests.
    c) None of the deficiencies identified in Plaintiff's September 27, 2025 Deficiency Demand, October 9, 2025, Final Cure Notice, or the original Motion to Compel (ECF-18) have been meaningfully cured.

**4. Interrogatories remain non-compliant under FRCP 33(b)(3) and (5).**

- a) Although Defendant included a CEO verification in Exhibit 11, the interrogatory responses themselves remain incomplete and evasive.
- b) Defendant does not fully answer the interrogatories as written, does not provide responsive information, and continues to rely on objections without supplying the information the rules require.

**5. Requests for Production remain non-compliant under FRCP 26(g) and 34(b)(2).**

Defendant's supplemental RFP responses in Exhibit 11 fail to comply with Rule 34(b)(2) because:

- a) No response identifies which Bates number corresponds to which Request.
- b) Defendant does not state whether documents are being withheld based on objections, as required by Rule 34(b)(2)(C).
- c) There is no Rule 26(g) certification that a reasonable inquiry was made and that the production is complete.
- d) Defendant does not represent that the production is complete or that no additional responsive material exists.
- e) The only documents produced—MB00118–00123—are insufficient to satisfy the outstanding Requests for Production.

**6. Defendant did not provide a privilege log as required by FRCP 26(b)(5).**

- a) Defendant asserts privilege in both interrogatory and RFP responses,
- b) but **no privilege log** was produced in either November packet.

**7. Requests for Admission remain non-compliant under FRCP 36(a)(4).**

- a) The RFA responses in Exhibit 11 do not clearly admit or deny the Requests for Admission.
- b) Defendant uses objections and narrative statements instead of the specific admissions or denials required by Rule 36(a)(4).
- c) These defects remain unchanged from those identified in ECF-18.

**8. Exhibits 11 and 12 are true and correct copies.**

- a) Exhibit 11 (November 5 packet) and Exhibit 12 (November 7 packet) are true and correct copies of the materials I received.
- b) Exhibit 12 is an exact duplicate of Exhibit 11 except for the corrected cover-letter date.

**9. Defendant remains out of compliance despite the extension granted in ECF-21.**

- a) The supplemental responses in Exhibits 11 and 12 do not cure any of the defects outlined in ECF-18 or in Plaintiff's prior deficiency notices.

    **b)** Defendant has still not complied with FRCP 26, 33, 34, or 36, nor with the Court's directive in ECF-21.

    **c)** Court intervention is now required to obtain complete, rule-compliant responses.

**Declaration pursuant to 28 U.S.C. § 1746**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on November 14, 2025.

/s/Jarrett R. Jenkins\
Jarrett R. Jenkins, Plaintiff\
334 Locust Street, Apt. 1\
West Hempstead, NY 11552\
516-688-0078\
jrobertjenkins@gmail.com