UNITED STATES DISTRICT COURT — EASTERN DISTRICT OF NEW YORK

Jarrett Jenkins v. MicroBilt Corporation    Case No. 2:25-cv-03055 (NCM)(ST)


# EXHIBIT 11


**Title:** Supplemental Discovery Responses from MicroBilt – November 5, 2025 mailing (received Nov. 12, 2025)


**Date(s):** Nov. 5, 2025 (received Nov. 12, 2025)


**Pages in Exhibit:** 18


**Bates:** MicroBilt00118–00123


**Description:** Defendant's supplemental responses to Interrogatories, Requests for Production, and Requests for Admission, including six Bates-stamped pages.


Submitted with: Plaintiff's Renewed Rule 37(a) Letter Motion to Compel Discovery Responses


**Six pages of materials designated CONFIDENTIAL have been omitted pursuant to the Protective Order entered on Sept. 11, 2025.**

US POSTAGE
$003.00
First-Class - IMI
ZIP 08057
11/05/2025
036B 0011836842

# SHERMAN SILVERSTEIN

A T T O R N E Y S  A T  L A W

308 Harper Drive, Suite 200
Moorestown, NJ 08057

Jarrett R. Jenkins
334 Locust Street, Apartment 1
West Hempstead, NY 11552



# SHERMAN SILVERSTEIN
### ATTORNEYS AT LAW

Bruce S. Luckman, Esq. (PA&CT Bars Also)
Direct Dial 856.663.1503
Direct Fax 856.662.0165
bluckman@shermansilverstein.com

October 22, 2025

**Regular Mail**
Jarrett R. Jenkins
334 Locust Street, Apartment 1
West Hempstead, NY 11552

Re:     **Jarrett R. Jenkins v. MicroBilt Corporation**
        **USDC for the Eastern District of New York**
        **Case No. 2:25-cv-03055**

Dear Mr. Jenkins:

Enclosed please find MicroBilt Corporation's Supplemental Responses to Plaintiff's Interrogatories, Requests for Admission, and Requests for Production (First and Second), as well as a supplemental document production, labeled MicroBilt 118 – 123.

Very truly yours,
SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
A Professional Corporation

BRUCE S. LUCKMAN

BSL/jb
Enclosures as stated

cc:     MicroBilt Corporation (via e-mail)

308 Harper Drive, Suite 200 • Moorestown, NJ 08057 • T: 856.662.0700 • F: 856.662.0165 • shermansilverstein.com
11 Bala Avenue • Bala Cynwyd, PA 19004 • T: 215.923.2513

4226817.1 SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
C:\Users\bluckman\AppData\Roaming\iManage\Work\Recent\MicroBilt Corp. - adv. Jarrett R. Jenkins (28076.129)\Jenkins Enclosure Letter with Supplemental Discovery Responses and Production 11.06.25(4226817.1).docx

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JARRETT R. JENKINS,

      Plaintiff,

      v.                         Case No.: 2:25-cv-03055

MICROBILT CORPORATION,

      Defendant.

**MICROBILT CORPORATION'S SUPPLEMENTAL OBJECTIONS AND RESPONSE
TO PLAINTIFF'S FIRST AND SECOND SET OF INTERROGATORIES**

## I.    GENERAL OBJECTIONS

1.  MicroBilt objects to all of Plaintiff's Written Discovery on the grounds that Plaintiff's interpretation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (the "FCRA") is erroneous rendering many of his discovery items frivolous and unfounded or not susceptible of a response. Plaintiff knows full well that MicroBilt is a reseller and resold, and did not obtain or use his consumer report.   Therefore, the discovery is not proportional to the needs of the case nor germane to the claims or defenses of any party.

2.  MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek to impose duties or obligations beyond those required by the Federal Rules of Civil Procedure or Local Rule 26.

3.  MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or otherwise seek documents or information prepared in anticipation of litigation or for trial or which constitute or disclose the mental

impressions, conclusions, opinions or legal theories of attorneys or other representatives

of MicroBilt concerning this or any other litigation.

4.   MicroBilt's Supplemental Responses are reflected in the ==highlighted== language below. The

Supplemental Responses do not supersede or replace the original responses unless

expressly shown below with a ~~strikeout~~ of such text below.

MicroBilt incorporates these General Objections into each specific response below as if set

forth more fully.


**INTERROGATORY NO. 1:** For each Affirmative Defense asserted in YOUR Answer, state all facts upon which YOU base the defense, IDENTIFY all persons with knowledge of those facts, and IDENTIFY all DOCUMENTS that support the defense.

**RESPONSE: MicroBilt did not violate the FCRA, because it did not request, obtain, resell or furnish a consumer report concerning Plaintiff in violation of the FCRA. Plaintiff is the subject of a December 3, 2024 Civil Judgment in the amount of $54,381.00 in the Nassau Supreme Court (Mineola), captioned <u>Fox Capital Group v Jarrett Jenkins, et al</u>. No. 6113552023. MicroBilt lawfully resold an Equifax Bank & Debtor report to its authorized and credentialed business customer, Alliance Title Group, on December 11, 2024. ~~which transaction was seeking to,~~ ==Plaintiff expressly and in writing authorized Fox Capital== and its ==lenders to obtain Plaintiff's consumer report when he signed the contract with Fox Capital, and therefore Fox Capital was lawfully authorized to obtain Plaintiff's consumer report.== ~~or the collect on that judgment against Plaintiff.~~ That transaction ==was authorized by Plaintiff and therefore== was under a permissible purpose and fully complied with the FCRA. ==MicroBilt hereby also supplements its Answer and Affirmative Defenses with the averment that Plaintiff authorized his consumer report to be obtained and furnished in writing. Further,== the related inquiry was a "soft inquiry" which is only seen by Plaintiff, and does not impact Plaintiff's credit score in any way. As such, Plaintiff suffered no harm and has no standing. These facts, in addition to those facts set forth below in more detail, support each of MicroBilt's defenses. The persons identified in MicroBilt's Initial Disclosures, and below, have knowledge of such facts.**

4226679.1

**INTERROGATORY NO. 8:** State the exact date on which YOU first acquired a copy of the document marked as Exhibit "1" to YOUR Requests for Admission (the "Fox Capital Action" Complaint).

**RESPONSE: MicroBilt objects to this Interrogatory on the grounds it is based upon an erroneous interpretation or contention about what is required by the FCRA in connection with the reselling of reports and MicroBilt's FCRA obligations rendering the Interrogatory not susceptible to a response. MicroBilt further objects on the grounds it seeks information and communications subject to the attorney client privilege and work product doctrine. Subject to and without waiving the latter objection, the pleadings establishing the judgment against Plaintiff were obtained by undersigned counsel from the Court. In lieu of a privilege log, the documents were emailed by undersigned counsel to MicroBilt's in-house counsel with a privileged communication containing a write up on the pleadings.** ~~Date of that email to be provided.~~ **The materials were provided to MicroBilt by undersigned counsel by emails dated August 7 and 17, 2025, which emails contained privileged discussion and write-ups concerning the materials.**

**SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.**

**By:**    /s/ *Bruce S. Luckman*
**Bruce S. Luckman (BL-3461)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744**

**Dated: November 6, 2025**          *Attorneys for Defendant MicroBilt Corporation*

4226679.1

<u>VERIFICATION</u>

I, Walter Wojciechowski, am the CEO of MicroBilt Corporation, the Defendant in this matter. I am the agent of MicroBilt Corporation for the purpose of answering these Interrogatories. Pursuant to 28 U.S.C. Sec. 1746(2), the undersigned hereby declares, under penalty of perjury, that the Supplemental Responses by the Defendant, MicroBilt Corporation, to Plaintiff's Interrogatories are true and correct to the best of my knowledge and belief.

Dated this 5th day of November 2025.

MicroBilt Corporation

Walter Wojciechowski

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JARRETT R. JENKINS,

    Plaintiff,

    v.                         Case No.: 2:25-cv-03055

MICROBILT CORPORATION,

    Defendant.

**MICROBILT CORPORATION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES
TO PLAINTIFF'S FIRST AND SECOND SET OF REQUESTS FOR PRODUCTION**

## I.    GENERAL OBJECTIONS

1. MicroBilt objects to all of Plaintiff's Written Discovery on the grounds that Plaintiff's interpretation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (the "FCRA") is erroneous rendering many of his discovery items frivolous and unfounded or not susceptible of a response. Plaintiff knows full well that MicroBilt is a reseller and resold, and did not obtain or use his consumer report.   Therefore, the discovery is not proportional to the needs of the case nor germane to the claims or defenses of any party.

2. MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek to impose duties or obligations beyond those required by the Federal Rules of Civil Procedure or Local Rule 26.

3. MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or otherwise seek documents or information prepared in anticipation of litigation or for trial or which constitute or disclose the mental impressions, conclusions, opinions or legal theories of attorneys or other representatives

1

of MicroBilt concerning this or any other litigation.

4. MicroBilt's Supplemental Responses are reflected in the ==highlighted== language below. The Supplemental Responses do not supersede or replace the original responses unless expressly shown below with a ~~strikeout~~ of such text below.

MicroBilt incorporates these General Objections into each specific response below as if set forth more fully.

## RESPONSES TO REQUESTS FOR PRODUCTION:

**REQUEST FOR PRODUCTION NO. 1**: All DOCUMENTS that evidence a "permissible purpose" as defined by 15 U.S.C. § 1681b for YOUR INQUIRY into the CONSUMER REPORT of Plaintiff on or about December 11, 2024.

**RESPONSE: MicroBilt objects on the grounds that Plaintiff's terminology, particularly the expression "YOUR INQUIRY" in this context is confusing and likely grounded in a misinterpretation of the FCRA. ==By way of further response, see Fox Capital Agreement signed by Plaintiff (previously produced) and Wells Fargo contract, produced herewith.==**

**REQUEST FOR PRODUCTION NO. 2**: Any and all applications, agreements, or other DOCUMENTS signed by or purporting to be signed by Plaintiff that YOU contend authorized YOU to access Plaintiffs CONSUMER REPORT.

**RESPONSE: ~~None.~~ ==See Fox Capital Agreement signed by Plaintiff (previously produced) and Wells Fargo contract, produced herewith.==**

**REQUEST FOR PRODUCTION NO. 4**: Produce all DOCUMENTS which YOU contend support each of the Affirmative Defenses asserted in YOUR Answer.

**RESPONSE: MicroBilt objects on the grounds that the Request is premature because discovery is ongoing. Subject to and without waiving the objection, and reserving all rights to supplement as the case proceeds, MicroBilt identifies all materials identified here and in MicroBilt Initial Disclosures and Responses to Interrogatories. ==By way of further response, see Fox Capital Agreement signed by Plaintiff (previously produced) and Wells Fargo contract, produced herewith.==**

**[signature next page]**

2

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.


By:    /s/ *Bruce S. Luckman*
        Bruce S. Luckman (BL-3461)
        308 Harper Drive, Suite 200
        Moorestown, NJ 08057
        Telephone: 856-662-0700
        Facsimile: 856-488-4744

Dated: November 6, 2025        *Attorneys for Defendant MicroBilt Corporation*

3

# CONFIDENTIAL MATERIAL OMITTED

Pursuant to the Protective Order entered on September 11, 2025, material designated CONFIDENTIAL by Defendant MicroBilt Corporation has been omitted and will be provided to the Court upon request.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JARRETT R. JENKINS,

      Plaintiff,

      v.                          Case No.: 2:25-cv-03055

MICROBILT CORPORATION,

      Defendant.

**MICROBILT CORPORATION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST AND SECOND SET OF REQUESTS FOR ADMISSION**

I.    **GENERAL OBJECTIONS**

1. MicroBilt objects to all of Plaintiff's Written Discovery on the grounds that Plaintiff's interpretation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (the "FCRA") is erroneous rendering many of his discovery items frivolous and unfounded or not susceptible of a response. Plaintiff knows full well that MicroBilt is a reseller and resold, and did not obtain or use his consumer report.   Therefore, the discovery is not proportional to the needs of the case nor germane to the claims or defenses of any party.

2. MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek to impose duties or obligations beyond those required by the Federal Rules of Civil Procedure or Local Rule 26.

3. MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or otherwise seek documents or information prepared in anticipation of litigation or for trial or which constitute or disclose the mental

1

impressions, conclusions, opinions or legal theories of attorneys or other representatives of MicroBilt concerning this or any other litigation.

4. MicroBilt's Supplemental Responses are reflected in the ==highlighted== language below. The Supplemental Responses do not supersede or replace the original responses unless expressly shown below with a ~~strikeout~~ of such text below.

MicroBilt incorporates these General Objections into each specific response below as if set forth more fully.

## RESPONSES TO REQUESTS FOR ADMISSION:

2. ADMIT that YOU did not have the written instructions of the Plaintiff to acquire his CONSUMER REPORT.

**RESPONSE: Denied that MicroBilt "acquired" Plaintiff's consumer report. ==By way of further response, denied, Plaintiff expressly and in writing authorized Fox Capital and its lenders to obtain Plaintiff's consumer report when he signed the contract with Fox Capital, and therefore Fox Capital was lawfully authorized to obtain Plaintiff's consumer report.==**

3. ADMIT the Plaintiff did not give his written CONSENT to YOU authorizing the CREDIT PULL.

**RESPONSE: MicroBilt objects to this Request on the grounds it is based upon an erroneous interpretation or contention about what is required by the FCRA in connection with the reselling of reports and MicroBilt's FCRA obligations rendering the Request not susceptible to a response. ==By way of further response, denied, Plaintiff expressly and in writing authorized Fox Capital and its lenders to obtain Plaintiff's consumer report when he signed the contract with Fox Capital, and therefore Fox Capital was lawfully authorized to obtain Plaintiff's consumer report.==**

5. ADMIT that Plaintiff did not fill out an application for CREDIT with YOU.

**RESPONSE: MicroBilt objects to this Request on the grounds it is based upon an erroneous interpretation or contention about what is required by the FCRA in connection with the reselling of reports and MicroBilt's FCRA obligations**

rendering the Request not susceptible to a response. <mark>By way of further response, denied, Plaintiff expressly and in writing authorized Fox Capital and its lenders to obtain Plaintiff's consumer report when he signed the contract with Fox Capital, and therefore Fox Capital was lawfully authorized to obtain Plaintiff's consumer report.</mark>

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By:    /s/ *Bruce S. Luckman*
Bruce S. Luckman (BL-3461)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744

Dated: November 6, 2025    *Attorneys for Defendant MicroBilt Corporation*

3

UNITED STATES DISTRICT COURT — EASTERN DISTRICT OF NEW YORK

Jarrett Jenkins v. MicroBilt Corporation     Case No. 2:25-cv-03055 (NCM)(ST)

# EXHIBIT 12

**Title:** Duplicate Supplemental Discovery Responses from MicroBilt – November 7, 2025 mailing (received Nov. 12, 2025)

**Date(s):** Nov. 7, 2025 (received Nov. 12, 2025)

**Pages in Exhibit:** 18

**Bates:** MicroBilt00118–00123 (duplicate of Exhibit 11)

**Description:** Second mailing identical to Exhibit 11 except for the corrected cover-letter date; includes the same Bates-stamped pages.

Submitted with: Plaintiff's Renewed Rule 37(a) Letter Motion to Compel Discovery Responses

**Six pages of materials designated CONFIDENTIAL have been omitted pursuant to the Protective Order entered on Sept. 11, 2025.**




US POSTAGE
$002.44º
First-Class - IMI
ZIP 08057
11/07/2025
036B 0011836842

# SHERMAN SILVERSTEIN

ATTORNEYS AT LAW

308 Harper Drive, Suite 200
Moorestown, NJ 08057

Jarrett R. Jenkins
334 Locust Street, Apartment 1
West Hempstead, NY 11552



Bruce S. Luckman, Esquire (PA&CT Bars Also)
Direct Dial 856.663.1503
Firm Fax 856.662.0165
bluckman@shermansilverstein.com

November 7, 2025

**<u>Regular Mail</u>**
Jarrett R. Jenkins
334 Locust Street, Apartment 1
West Hempstead, NY 11552

> **Re:    Jarrett R. Jenkins v. MicroBilt Corporation**
> **USDC for the Eastern District of New York**
> **Case No. 2:25-cv-03055**

Dear Mr. Jenkins:

Enclosed please find MicroBilt Corporation's Supplemental Responses to Plaintiff's Interrogatories, Requests for Admission, and Requests for Production (First and Second), as well as a supplemental document production, labeled MicroBilt 118 – 123.

We are mailing you this package again because the enclosure letter with the first package was inadvertently dated October 22, 2025.

Very truly yours,
SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
A Professional Corporation

BRUCE S. LUCKMAN

BSL/jb
Enclosures as stated

cc:    MicroBilt Corporation (via e-mail)

308 Harper Drive, Suite 200 • Moorestown, NJ 08057 • T: 856.662.0700 • F: 856.662.0165 • shermansilverstein.com
11 Bala Avenue • Bala Cynwyd, PA 19004 • T: 215.923.2513

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JARRETT R. JENKINS,

      Plaintiff,

      v.                                    Case No.: 2:25-cv-03055

MICROBILT CORPORATION,

      Defendant.

**MICROBILT CORPORATION'S <mark>SUPPLEMENTAL</mark> OBJECTIONS AND RESPONSE TO PLAINTIFF'S FIRST AND SECOND SET OF INTERROGATORIES**

## I.    GENERAL OBJECTIONS

1. MicroBilt objects to all of Plaintiff's Written Discovery on the grounds that Plaintiff's interpretation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (the "FCRA") is erroneous rendering many of his discovery items frivolous and unfounded or not susceptible of a response. Plaintiff knows full well that MicroBilt is a reseller and resold, and did not obtain or use his consumer report.   Therefore, the discovery is not proportional to the needs of the case nor germane to the claims or defenses of any party.

2. MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek to impose duties or obligations beyond those required by the Federal Rules of Civil Procedure or Local Rule 26.

3. MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or otherwise seek documents or information prepared in anticipation of litigation or for trial or which constitute or disclose the mental

impressions, conclusions, opinions or legal theories of attorneys or other representatives

of MicroBilt concerning this or any other litigation.

4. MicroBilt's Supplemental Responses are reflected in the ==highlighted== language below. The

Supplemental Responses do not supersede or replace the original responses unless

expressly shown below with a ~~strikeout~~ of such text below.

MicroBilt incorporates these General Objections into each specific response below as if set

forth more fully.


**INTERROGATORY NO. 1:** For each Affirmative Defense asserted in YOUR Answer, state all facts upon which YOU base the defense, IDENTIFY all persons with knowledge of those facts, and IDENTIFY all DOCUMENTS that support the defense.

**RESPONSE: MicroBilt did not violate the FCRA, because it did not request, obtain, resell or furnish a consumer report concerning Plaintiff in violation of the FCRA. Plaintiff is the subject of a December 3, 2024 Civil Judgment in the amount of $54,381.00 in the Nassau Supreme Court (Mineola), captioned** <u>Fox Capital Group v Jarrett Jenkins, et al</u>. **No. 6113552023. MicroBilt lawfully resold an Equifax Bank & Debtor report to its authorized and credentialed business customer, Alliance Title Group, on December 11, 2024.** ~~which transaction was seeking to,~~ ==Plaintiff expressly and in writing authorized Fox Capital and its lenders to obtain Plaintiff's consumer report when he signed the contract with Fox Capital, and therefore Fox Capital was lawfully authorized to obtain Plaintiff's consumer report.== ~~or the collect on that judgment against Plaintiff.~~ **That transaction** ==was authorized by Plaintiff and therefore== **was under a permissible purpose and fully complied with the FCRA.** ==MicroBilt hereby also supplements its Answer and Affirmative Defenses with the averment that Plaintiff authorized his consumer report to be obtained and furnished in writing.== ==Further,== **the related inquiry was a "soft inquiry" which is only seen by Plaintiff, and does not impact Plaintiff's credit score in any way. As such, Plaintiff suffered no harm and has no standing. These facts, in addition to those facts set forth below in more detail, support each of MicroBilt's defenses. The persons identified in MicroBilt's Initial Disclosures, and below, have knowledge of such facts.**

**INTERROGATORY NO. 8:** State the exact date on which YOU first acquired a copy of the document marked as Exhibit "1" to YOUR Requests for Admission (the "Fox Capital Action" Complaint).

**RESPONSE: MicroBilt objects to this Interrogatory on the grounds it is based upon an erroneous interpretation or contention about what is required by the FCRA in connection with the reselling of reports and MicroBilt's FCRA obligations rendering the Interrogatory not susceptible to a response. MicroBilt further objects on the grounds it seeks information and communications subject to the attorney client privilege and work product doctrine. Subject to and without waiving the latter objection, the pleadings establishing the judgment against Plaintiff were obtained by undersigned counsel from the Court. In lieu of a privilege log, the documents were emailed by undersigned counsel to MicroBilt's in-house counsel with a privileged communication containing a write up on the pleadings.** ~~Date of that email to be provided.~~ **The materials were provided to MicroBilt by undersigned counsel by emails dated August 7 and 17, 2025, which emails contained privileged discussion and write-ups concerning the materials.**

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

By:     /s/ *Bruce S. Luckman*
        **Bruce S. Luckman (BL-3461)**
        **308 Harper Drive, Suite 200**
        **Moorestown, NJ 08057**
        **Telephone: 856-662-0700**
        **Facsimile: 856-488-4744**

Dated: November 6, 2025            *Attorneys for Defendant MicroBilt Corporation*

4226679.1

<u>VERIFICATION</u>

I, Walter Wojciechowski, am the CEO of MicroBilt Corporation, the Defendant in this matter. I am the agent of MicroBilt Corporation for the purpose of answering these Interrogatories. Pursuant to 28 U.S.C. Sec. 1746(2), the undersigned hereby declares, under penalty of perjury, that the Supplemental Responses by the Defendant, MicroBilt Corporation, to Plaintiff's Interrogatories are true and correct to the best of my knowledge and belief.

Dated this 5th day of November 2025.

MicroBilt Corporation

_Walter R. Wojciechowski, CEO_
Walter Wojciechowski

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JARRETT R. JENKINS,

    Plaintiff,

    v.                                    Case No.: 2:25-cv-03055

MICROBILT CORPORATION,

    Defendant.

**MICROBILT CORPORATION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST AND SECOND SET OF REQUESTS FOR PRODUCTION**

## I.  GENERAL OBJECTIONS

1. MicroBilt objects to all of Plaintiff's Written Discovery on the grounds that Plaintiff's interpretation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (the "FCRA") is erroneous rendering many of his discovery items frivolous and unfounded or not susceptible of a response. Plaintiff knows full well that MicroBilt is a reseller and resold, and did not obtain or use his consumer report.  Therefore, the discovery is not proportional to the needs of the case nor germane to the claims or defenses of any party.

2. MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek to impose duties or obligations beyond those required by the Federal Rules of Civil Procedure or Local Rule 26.

3. MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or otherwise seek documents or information prepared in anticipation of litigation or for trial or which constitute or disclose the mental impressions, conclusions, opinions or legal theories of attorneys or other representatives

1

of MicroBilt concerning this or any other litigation.

4. MicroBilt's Supplemental Responses are reflected in the ==highlighted== language below.

The Supplemental Responses do not supersede or replace the original responses unless expressly shown below with a ~~strikeout~~ of such text below.

MicroBilt incorporates these General Objections into each specific response below as if set forth more fully.

## RESPONSES TO REQUESTS FOR PRODUCTION:

**REQUEST FOR PRODUCTION NO. 1**: All DOCUMENTS that evidence a "permissible purpose" as defined by 15 U.S.C. § 1681b for YOUR INQUIRY into the CONSUMER REPORT of Plaintiff on or about December 11, 2024.

**RESPONSE: MicroBilt objects on the grounds that Plaintiff's terminology, particularly the expression "YOUR INQUIRY" in this context is confusing and likely grounded in a misinterpretation of the FCRA. ==By way of further response, see Fox Capital Agreement signed by Plaintiff (previously produced) and Wells Fargo contract, produced herewith.==**

**REQUEST FOR PRODUCTION NO. 2**: Any and all applications, agreements, or other DOCUMENTS signed by or purporting to be signed by Plaintiff that YOU contend authorized YOU to access Plaintiffs CONSUMER REPORT.

**RESPONSE: ~~None.~~ ==See Fox Capital Agreement signed by Plaintiff (previously produced) and Wells Fargo contract, produced herewith.==**

**REQUEST FOR PRODUCTION NO. 4**: Produce all DOCUMENTS which YOU contend support each of the Affirmative Defenses asserted in YOUR Answer.

**RESPONSE: MicroBilt objects on the grounds that the Request is premature because discovery is ongoing. Subject to and without waiving the objection, and reserving all rights to supplement as the case proceeds, MicroBilt identifies all materials identified here and in MicroBilt Initial Disclosures and Responses to Interrogatories. ==By way of further response, see Fox Capital Agreement signed by Plaintiff (previously produced) and Wells Fargo contract, produced herewith.==**

**[signature next page]**

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By:    /s/ *Bruce S. Luckman*
         Bruce S. Luckman (BL-3461)
         308 Harper Drive, Suite 200
         Moorestown, NJ 08057
         Telephone: 856-662-0700
         Facsimile: 856-488-4744

Dated: November 6, 2025       *Attorneys for Defendant MicroBilt Corporation*

3

# CONFIDENTIAL MATERIAL OMITTED

Pursuant to the Protective Order entered on September 11, 2025, material designated CONFIDENTIAL by Defendant MicroBilt Corporation has been omitted and will be provided to the Court upon request.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JARRETT R. JENKINS,

      Plaintiff,

      v.                             Case No.: 2:25-cv-03055

MICROBILT CORPORATION,

      Defendant.

**MICROBILT CORPORATION'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST AND SECOND SET OF REQUESTS FOR ADMISSION**

## I.    GENERAL OBJECTIONS

1. MicroBilt objects to all of Plaintiff's Written Discovery on the grounds that Plaintiff's interpretation of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (the "FCRA") is erroneous rendering many of his discovery items frivolous and unfounded or not susceptible of a response. Plaintiff knows full well that MicroBilt is a reseller and resold, and did not obtain or use his consumer report. Therefore, the discovery is not proportional to the needs of the case nor germane to the claims or defenses of any party.

2. MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek to impose duties or obligations beyond those required by the Federal Rules of Civil Procedure or Local Rule 26.

3. MicroBilt objects to Plaintiff's Written Discovery to the extent that they seek documents or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, or otherwise seek documents or information prepared in anticipation of litigation or for trial or which constitute or disclose the mental

1

impressions, conclusions, opinions or legal theories of attorneys or other representatives

of MicroBilt concerning this or any other litigation.

4.   MicroBilt's Supplemental Responses are reflected in the <mark>highlighted</mark> language below.

The Supplemental Responses do not supersede or replace the original responses unless

expressly shown below with a ~~strikeout~~ of such text below.

MicroBilt incorporates these General Objections into each specific response below as if set

forth more fully.

RESPONSES TO REQUESTS FOR ADMISSION:

2. ADMIT that YOU did not have the written instructions of the Plaintiff to acquire his CONSUMER REPORT.

**RESPONSE: Denied that MicroBilt "acquired" Plaintiff's consumer report. <mark>By way of further response, denied, Plaintiff expressly and in writing authorized Fox Capital and its lenders to obtain Plaintiff's consumer report when he signed the contract with Fox Capital, and therefore Fox Capital was lawfully authorized to obtain Plaintiff's consumer report.</mark>**

3. ADMIT the Plaintiff did not give his written CONSENT to YOU authorizing the CREDIT PULL.

**RESPONSE: MicroBilt objects to this Request on the grounds it is based upon an erroneous interpretation or contention about what is required by the FCRA in connection with the reselling of reports and MicroBilt's FCRA obligations rendering the Request not susceptible to a response. <mark>By way of further response, denied, Plaintiff expressly and in writing authorized Fox Capital and its lenders to obtain Plaintiff's consumer report when he signed the contract with Fox Capital, and therefore Fox Capital was lawfully authorized to obtain Plaintiff's consumer report.</mark>**

5. ADMIT that Plaintiff did not fill out an application for CREDIT with YOU.

**RESPONSE: MicroBilt objects to this Request on the grounds it is based upon an erroneous interpretation or contention about what is required by the FCRA in connection with the reselling of reports and MicroBilt's FCRA obligations**

2

rendering the Request not susceptible to a response. ==By way of further response, denied, Plaintiff expressly and in writing authorized Fox Capital and its lenders to obtain Plaintiff's consumer report when he signed the contract with Fox Capital, and therefore Fox Capital was lawfully authorized to obtain Plaintiff's consumer report.==

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.

By:    /s/ *Bruce S. Luckman*
Bruce S. Luckman (BL-3461)
308 Harper Drive, Suite 200
Moorestown, NJ 08057
Telephone: 856-662-0700
Facsimile: 856-488-4744

Dated: November 6, 2025    *Attorneys for Defendant MicroBilt Corporation*

3