IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

JARRET JENKINS,
    Plaintiff,

    v.

MICROBILT CORPORATION,
    Defendant.

    :
    :
    :
    :   Case No.: 2:25-cv-03055
    :

## DEFENDANT MICROBILT CORPORATION'S MEMORANDUM
## OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Bruce S. Luckman (BL – 3461)
Sherman, Silverstein, Kohl,
    Rose, & Podolsky, P.A.
308 Harper Drive, #200
Moorestown, NJ  08057
Telephone:  (856) 662-0700
Attorney for Defendant, MicroBilt Corporation

## TABLE OF CONTENTS

PAGE

**TABLE OF AUTHORITIES** ........................................................................................ ii

DEFENDANT MICROBILT CORPORATION'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT ........................................................ 01

INTRODUCTION ........................................................................................................ 01

Plaintiff Authorized Fox Capital to Obtain His Report. ............................................ 03

LEGAL ARGUMENT .................................................................................................. 03

The Plaintiff's Defective Rule 56.1 Response ........................................................... 05

The FCRA and Permissible Purpose: ........................................................................ 07

Plaintiff's Commercial Financing Transaction is not protected by the FCRA. ............ 08

Plaintiff Has not and Cannot Establish A Willful Violation of the FCRA .................. 10

CONCLUSION ............................................................................................................ 11

## TABLE OF AUTHORITIES

**PAGE**

**FEDERAL CASES**

**Baker v. Bronx-Westchester Investigations, Inc.,**
850 F. Supp. 260, 262 (S.D.N.Y. 1994)...............................................................................08

**Bacharach v Suntrust Mortgage, Inc,**
827 F3d 432, 434-435 (CA 5, 2016)....................................................................................09

**Bermudez v. City of New York,**
790 F.3d 368, 373–74 (2d Cir. 2015) (citation omitted)......................................................04

**Boothe v. TRW Credit Data,**
523 F. Supp. 631, 633 (S.D.N.Y. 1981)) ............................................................................09

**Borley v. United States,**
22 F.4th 75, 78 (2d Cir. 2021) .............................................................................................04

**Crawford v. Dep't of Investigation,**
No. 05-CV-5368, 2007 WL 2850512, at *2 (S.D.N.Y. Oct. 1, 2007)...................................06

**Dolan v. Cassella,**
543 F. App'x 90, 90 (2d Cir. 2013).......................................................................................04

**Duncan v. Handmaker,**
149 F.3d 424 (6th Cir. 1998) ...............................................................................................08

**Fabrikant v. French,**
691 F.3d 193, 205 (2d Cir. 2012)..........................................................................................04

**Frost v. Experian,**
No. 98 Civ. 2106 (JGK) (JCP), 1999 WL 287373, at *5 (S.D.N.Y. May 6, 1999)..............09

**George v. Equifax Mortg. Servs.,**
No. 06 Civ. 971 (DLI) (LB), 2010 WL 3937308, at *2 (E.D.N.Y. Oct. 5, 2010) ................09

**Holtz v. Rockefeller & Co.,**
258 F.3d 62, 74 (2d Cir. 2001)..............................................................................................05

**Hubb v. Suffolk Cnty. Sheriff's Dep't,**
788 F.3d 54, 61 (2d Cir. 2015)..............................................................................................04

**Huertas v. Galaxy Asset Management,**
641 F.3d 28, 34 (3d Cir. 2011)..................................................................................08

**Layne-Williams v. Radius Glob. Sols., LLC,**
No. 22CV340 (DLC), 2022 WL 17251665, at *2 (S.D.N.Y. Nov. 28, 2022)..............04

**Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,**
13 F.4th 247, 259 (2d Cir. 2021). ..............................................................................04

**Lucchesi v. Experian Info. Sols., Inc.,**
226 F.R.D. 172, 174 (S.D.N.Y. 2005) .........................................................................09

**Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,**
475 U.S. 574, 586-87 (1986) ......................................................................................06

**Miller v. Terrillion,**
436 F. Supp. 3d 598, 600 (E.D.N.Y. 2020) ................................................................04

**Oestreicher v. Flagstar Bank,**
No. 23-CV-0239 (RER) (LKE), 2025 WL 3755609, at *10 (E.D.N.Y. Sept. 29, 2025)...............10

**Panagiotis Kasseris, et al v. ZA & D Service Station, Inc. et al.**
No. 23-CV-06281 (NCM) (SDE), 2026 WL 84037, at *2
(E.D.N.Y. Jan. 12, 2026) ............................................................................................03

**Pintos v. Pacific Creditors Ass'n,**
605 F.3d 665 (9th Cir. 2010) ......................................................................................08

**Podell v. Citicorp Diners Club, Inc.,**
914 F. Supp. 1025, 1036 (S.D.N.Y. 1996), aff'd, 112 F.3d 98 (2d Cir. 1997) ...........09

**Polanco v. Spartan Auto Grp. LLC,**
No. 25-CV-2410 (LJL), 2026 WL 221172, at *4 (S.D.N.Y. Jan. 28, 2026) .................04

**Ritchie v. Northern Leasing Sys., Inc.,**
2016 WL 1241531, at *15 (S.D.N.Y. Mar. 28, 2016) ..................................................04

**Ritchie v. Taylor,**
701 F. App'x 45 (2d Cir. 2017) (summary order).......................................................04

**Rodriguez v. Vill. Green Realty, Inc.,**
788 F.3d 31, 44 (2d Cir. 2015).....................................................................................04

**Safeco Ins. Co. of Am. v. Burr,**
551 U.S. 47, 69, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007))......................................10

**TransUnion LLC v Ramirez,**
594 US 413, 418; 141 S Ct 2190; 210 L Ed 2d 568 (2021)..........................................................09

**Watson v. Ciconte, Wasserman, Scerba & Kerrick LLC,**
2015 WL 4967058, *3 (D. Del. Aug. 19, 2015) ..........................................................................08

**Watt v. New York Botanical Garden,**
2000 WL 193626, at *1 n.1, (S.D.N.Y. Feb. 16, 2000)..............................................................06

**Woodman v. WWOR-TV, Inc.,**
411 F.3d 69, 75 (2d Cir. 2005))), aff'd, 324 F. App'x 139, 143 (2d Cir. 2009) ............................07

## FEDERAL RULES

**Fair Credit Reporting Act,**
15 U.S.C. §1681 ....................................................................................................... *passim*

**Fed. R. Civ. P. 56** ...............................................................................................04, 05

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

JARRET JENKINS,
    Plaintiff,
    v.
MICROBILT CORPORATION,
    Defendant.

Case No.: 2:25-cv-03055

## DEFENDANT MICROBILT CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MicroBilt Corporation ("MicroBilt"), by its undersigned counsel, and pursuant to Federal Rule 56, the Local Rule 56.1(B)(1) and this Court's January 6, 2026 Text Order (Dkt#26), respectfully requests that the Court grant MicroBilt's Motion for Summary Judgment (the "Motion") and enter judgment in favor of MicroBilt and against Plaintiff, Jarrett Jenkins ("Plaintiff").

## INTRODUCTION

MicroBilt is a "consumer reporting agency" (and in this instance a "reseller") as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. (the "FCRA"). Plaintiff's meritless claim is that MicroBilt obtained his consumer report without an FCRA permissible purpose. (See Complaint, ¶¶8&16, Dkt#1, Exh. "A" thereto.) Paper discovery is closed. MicroBilt did not violate the FCRA, because it did not request or obtain a consumer report concerning Plaintiff in violation of the FCRA or otherwise. Instead, MicroBilt properly resold an Equifax consumer report concerning Plaintiff to one of MicroBilt's duly authorized and credentialed business customers, Alliance Title Services, LLC. ("ATS"). See Local Rule 56.1 Statement of Materials Facts, attached

hereto as Exhibit "1", ¶¶5, 6 & 8. ATS did in fact have a lawful "permissible purpose" in the form of Plaintiff's written authorization. *See* discussion *infra.*

Plaintiff asserts a single FCRA violation against MicroBilt, alleging MicroBilt obtained his Equifax report without a permissible purpose – §1681(b). *Id.* at ¶17. However, the faulty factual bases of Plaintiff's claim are: i) MicroBilt did not obtain his report. *Id.*;  ii) he did give consent to have his report obtained by ATS *Id.* at ¶18; and  iii) the underlying transaction is commercial, **not consumer**, and therefore outside the scope of the FCRA.

Plaintiff is the subject of a December 2, 2024 Civil Judgment in the amount of $54,381.00 in the Nassau Supreme Court (Mineola), captioned Fox Capital Group v Jarrett Jenkins, et al. No. 6113552023. Statement of Material Facts, at ¶¶2&3.  There is no dispute that the Fox Capital Judgment is grounded in a commercial transaction between Plaintiff, his LLC, and Fox Capital regarding accounts receivables generated by Plaintiff's LLC. See attached Contract, Id. at ¶3.  As set forth below, the access and resale of the Equifax report was a permissible purpose and fully complied with the FCRA because Plaintiff expressly authorized Fox Capital and its agents to obtain such report. That Equifax report was obtained by ATS, Fox Capital's agent, via MicroBilt.  Id at ¶¶5, 6 & 8.

The undisputed evidence proves that Plaintiff authorized his Equifax report to be obtained in connection with a commercial transaction. Thus, for two independent reasons, his FCRA claim is patently without merit. First, Plaintiff authorized Fox Capital to obtain his consumer report. Second, the FCRA does not apply to or protect commercial transactions.

4325111.1

**Plaintiff Authorized Fox Capital to Obtain His Report.**

The commercial contract between Plaintiff and Fox Capital contained provisions which

expressly authorized Fox Capital "and its agents" to investigate Plaintiff's "credit bureau reports"

and history (Id. at ¶3):

> 1.12    **Protection of Information.** Merchant and each person signing this Agreement on behalf of Merchant and/or as Owner or Guarantor, in respect of himself or herself personally, authorize FCG to disclose information concerning Merchant's and each Owner's and each Guarantor's credit standing (including credit bureau reports that FCG obtains) and business conduct only to agents, affiliates, subsidiaries, funding partners and credit reporting bureaus. Merchant, each Owner and each Guarantor hereby waive to the maximum extent permitted by law any claim for damages against FCG or any of its affiliates relating to any (i) investigation undertaken by or on behalf of FCG as permitted by this Agreement, or (ii) disclosure of information as permitted by this Agreement.

> 1.5    **Financial Condition**
> 1.5.1.    Merchant, each Owner and each Guarantor authorize FCG and its agents to investigate their financial responsibility and history, and will provide to FCG any authorizations, bank or financial statements, tax returns and other financial records as FCG deems necessary in its sole and absolute discretion prior to or at any time after execution of this Agreement through the Expiration Date. A photocopy of this Agreement and accompanying documents will be deemed as acceptable as an authorization for release of financial and credit information. FCG is authorized to update such information and financial and credit profiles from time to time as it deems appropriate. In addition to the authorizations set forth in Section 1.2 of this Agreement, Merchant authorizes all of its banks, brokers and processors to provide FCG with Merchant's banking, brokerage and/or credit card or other payment processing history to determine qualifications for this merchant cash advance transaction, compliance with this Agreement and for collections purposes. Notwithstanding Merchant's provision of its bank account log-in credentials, upon written request from FCG, Merchant shall provide FCG with copies of any documents related to Merchant's credit card processing activity or financial and banking affairs within five days.

Plaintiff's written authorization fully satisfies FCRA §1681b(a)(2) as being "in accordance

with the written instruction of the consumer to whom it relates" and defeats his permissible purpose

claim.

## LEGAL ARGUMENT

**Rule 56 Standard**

The legal standard for summary judgment is well established. As recently explained by this

Court in Panagiotis Kasseris, et al v. ZA & D Service Station, Inc. et al. No. 23-CV-06281 (NCM)

(SDE), 2026 WL 84037, at *2 (E.D.N.Y. Jan. 12, 2026):

4325111.1

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 13 F.4th 247, 259 (2d Cir. 2021). Facts are in genuine dispute when "the jury could reasonably find for" the non-moving party based on the evidence in the record. Borley v. United States, 22 F.4th 75, 78 (2d Cir. 2021).

If the non-moving party has the burden of proof at trial, "the moving party need only demonstrate that there is a lack of evidence to support the non-movant's claim." Dolan v. Cassella, 543 F. App'x 90, 90 (2d Cir. 2013) (summary order); see also Miller v. Terrillion, 436 F. Supp. 3d 598, 600 (E.D.N.Y. 2020) ("Summary judgment is appropriate if the nonmoving party who bears the burden of proof at trial fails to offer proof concerning an essential element of the nonmoving party's case."). Where the movant satisfies this burden, the non-movant "must set forth specific facts showing that there is a genuine issue for trial and may not rest upon the mere allegations or denials of his pleading." Dolan, 543 F. App'x at 91. The non-moving party must provide sufficient evidence establishing a genuine issue of material fact beyond "[t]he mere existence of a scintilla of evidence." Fabrikant v. French, 691 F.3d 193, 205 (2d Cir. 2012). That is, "there must be sufficient evidence from which a reasonable finder of fact could find in the non-movant's favor." Dolan, 543 F. App'x at 91.[1]

Here, Plaintiff has the burden of proof at trial and has not and cannot controvert MicroBilt's Statement of Undisputed Material Facts. Plaintiff signed a commercial financial instrument which authorized the release of his credit report. See MicroBilt's Local Rule 56.1 Statement of Material Facts and supporting materials, ¶¶2 & 3. MicroBilt lawfully furnished that report. Id. at ¶¶5, 6 & 8.[2] No jury could find there was no authorization. Plaintiff signed the contract and therefore cannot

_____

[1] See also, Bermudez v. City of New York, 790 F.3d 368, 373–74 (2d Cir. 2015) (citation omitted) (same); see also, e.g., Hubb v. Suffolk Cnty. Sheriff's Dep't, 788 F.3d 54, 61 (2d Cir. 2015) ("vague and conclusory statements in [an] affidavit" are insufficient to defeat summary judgment); Rodriguez v. Vill. Green Realty, Inc., 788 F.3d 31, 44 (2d Cir. 2015) ("conclusory declarations are insufficient to raise a question of material fact").

[2] See Polanco v. Spartan Auto Grp. LLC, No. 25-CV-2410 (LJL), 2026 WL 221172, at *4 (S.D.N.Y. Jan. 28, 2026) where the Court quoting cases, explained: "'The statute's plain language indicates that if the party obtaining the report had the intent to use it for one of the specified permissible purposes, there has been no violation of the FCRA.' Ritchie v. Northern Leasing Sys., Inc., 2016 WL 1241531, at *15 (S.D.N.Y. Mar. 28, 2016), aff'd sub nom. Ritchie v. Taylor, 701 F. App'x 45 (2d Cir. 2017) (summary order))." and Layne-Williams v. Radius Glob. Sols., LLC, No. 22CV340 (DLC), 2022 WL 17251665, at *2 (S.D.N.Y. Nov. 28, 2022), where the Court granted summary judgment holding:

4

4325111.1

meet his burden to support his claim there was no FCRA permissible purpose. In addition, and importantly, Plaintiff's defective responses to MicroBilt's Rule 56.1 Statement should be deemed as admissions, further demonstrating the patently frivolous nature of his claim.

**The Plaintiff's Defective Rule 56.1 Response**

On December 17, 2025, MicroBilt filed its compliant Motion for Premotion Conference (Dkt#25). On December 24, 2025, Plaintiff filed his response which stated in pertinent part:

> Plaintiff takes no position at this time on Defendant's request for a pre-motion conference. (Dkt#26.)

Plaintiff did not file any counterstatement of material facts or otherwise respond to MicroBilt's Local Rule 56.1 Statement, which duly cited to admissible evidence.

The well-established purpose of Local Rule 56.1 is "to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties." Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001). Local Rule 56.1(d) unambiguously mandates:

> (d) Each statement by the movant or opponent under Rule 56.1(a) and (b), including each statement denying and controverting any statement of material fact, **must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c)**. (Emphasis supplied)

On January 6, 2026, this Court entered a Text Order admonishing Plaintiff for failing to file a responsive statement and directing him to do so:

> Additionally, the Court's Individual Practice Rules require that premotion responses to an anticipated Rule 56 motion attach "a counter-statement of material facts directly responding to the movant's 56.1 Statement and in the form set forth in Local Rule 56.1." See Individual Practice Rule III.A.4. Plaintiff has not attached

---

Here, the undisputed evidence is that Radius Global accessed the credit report in the process of collecting a debt purportedly owed by Layne-Williams. Radius Global is therefore entitled to summary judgment on the plaintiff's claim that Radius Global violated the FCRA.

4325111.1

to his premotion letter, or otherwise filed, a counterstatement of material facts in response to defendant's 56.1 statement [26]. Accordingly, plaintiff shall supplement his response and dispute each factual allegation or supplement the defendant's allegations in a Rule 56.1 counterstatement in accordance with the Court's Rules by January 13, 2026. ... **Plaintiff is warned that if he does not respond to defendant's 56.1 statement with his own 56.1 counterstatement, the facts alleged in defendant's 56.1 statement may be deemed undisputed**. Ordered by Judge Natasha C. Merle on 1/6/2026. (emphasis supplied) (Dkt#26)

On January 7, 2026, Plaintiff filed what he purported to be his "Local Rule 56.1 Counter-Statement of Material Facts". (*See* Dkt#27.) Despite the Court's clear instruction and directions, Plaintiff's submission was materially defective. The filing is devoid of any citation to evidence (admissible or otherwise). *Id.* In fact, the submission does not controvert any of MicroBilt's Statements and instead states as to each, a conclusory one-word response; "Disputed". *Id.*

Respectfully, given Plaintiff's failure to controvert any of MicroBilt's Statements or to submit any citations to evidence, this Court is well within its discretion to disregard Plaintiff's "response" and deem MicroBilt's Statements as admitted. *See*, Watt v. New York Botanical Garden, 2000 WL 193626, at *1 n.1, (S.D.N.Y. Feb. 16, 2000)(where the Court held: "[T]he rules of this Court state that where there are no citations or where the cited materials do not support the factual assertions in the Statements, the Court is free to disregard the assertion."; *see also* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (explaining that plaintiffs are required to "come forward with 'specific facts showing that there is a genuine issue for trial'" and may not "simply show that there is some metaphysical doubt as to the material facts.") As explained by the Court in Crawford v. Dep't of Investigation, No. 05-CV-5368, 2007 WL 2850512, at *2 (S.D.N.Y. Oct. 1, 2007): "[A] non-moving party 'must set forth specific facts showing that there is a genuine issue for trial;' he or she 'may not rely on mere conclusory

6

allegations nor speculation, but instead must offer some hard evidence showing that its version of

he events is not wholly fanciful.'" (quoting Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d

Cir. 2005))), *aff'd*, 324 F. App'x 139, 143 (2d Cir. 2009). (internal quotations and citations omitted)

Here, Plaintiff's failure is particularly egregious (and obstructive) where a crucial material

Statement by MicroBilt is that Plaintiff signed the very contract which authorized the release of

his report. *See* Statement, ¶3 and attachments. Plaintiff's conclusory response of "Disputed"

violates the letter and spirit of Local Rule 56.1. MicroBilt's Statement should be deemed admitted

and summary judgment granted as a matter of law.

**The FCRA and Permissible Purpose:**

MicroBilt is entitled to summary judgment because the undisputed facts of legal

significance demonstrate that Plaintiff's execution of the Fox Capital commercial contract

expressly authorized his report to be obtained. MicroBilt's credentialled customer ATS did so for

Fox Capital. [3] 15 U.S.C.A. § 1681b. Permissible Purposes of Reports, provides in pertinent part:

> (a) In general: Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other: (2) **In accordance with the written instructions of the consumer to whom it relates.** (emphasis supplied)

The unambiguous FCRA statutory language defeats Plaintiff's frivolous permissible

purpose claim.

---

[3] Finally, the inquiry at issue on his Equifax report was a "soft inquiry" only seen by Plaintiff, there was no publication to a third party, and the inquiry does not impact Plaintiff's credit score in any way. Statement of Material Facts at ¶8. As such, Plaintiff suffered no cognizable harm.

7

Even without the written authorization, Plaintiff's claim fails. This is so because ATS was a duly authorized and credentialed business customer and as a matter of law, MicroBilt "had reason to believe" it would obtain and use the information for "permissible purposes". *See* Baker v. Bronx-Westchester Investigations, Inc., 850 F. Supp. 260, 262 (S.D.N.Y. 1994) (citing to FCRA §1681b). *See, also* Huertas v. Galaxy Asset Management, 641 F.3d 28, 34 (3d Cir. 2011) ("the statute expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer'"); Pintos v. Pacific Creditors Ass'n, 605 F.3d 665 (9th Cir. 2010); (consumer reporting agency may lawfully furnish a report where it has reason to believe the entity has a statutorily-provided permissible purpose); Duncan v. Handmaker, 149 F.3d 424 (6th Cir. 1998) (same); Watson v. Ciconte, Wasserman, Scerba & Kerrick LLC, 2015 WL 4967058, *3 (D. Del. Aug. 19, 2015).

Respectfully, the undisputed facts of legal significance and well-established caselaw demonstrate MicroBilt is entitled to summary judgment on Plaintiff's permissible purpose claim as a matter of law.

**Plaintiff's Commercial Financing Transaction is not protected by the FCRA.**

It is undisputed that the underlying financial transaction was *commercial*, and not consumer. Plaintiff signed the contract as owner and guarantor for his LLC. See Statement of Material Facts, ¶2 and contract attachments thereto. An alternative basis for summary judgment is that, as a matter of law, the FCRA is inapplicable to Plaintiff's claim arising out of a commercial

8

transaction. The FCRA "regulates the consumer reporting agencies that compile and disseminate personal information about consumers." TransUnion LLC v Ramirez, 594 US 413, 418; 141 S Ct 2190; 210 L Ed 2d 568 (2021). A "consumer report" is defined as a report used to establish credit eligibility "primarily for personal, family, or household purposes." 15 USC 1681a(d)(1)(A).

"[T]he FCRA does not cover reports used or expected to be used only in connection with commercial business transactions." Bacharach v Suntrust Mortgage, Inc, 827 F3d 432, 434-435 (CA 5, 2016) (quotation marks and citation omitted). "[A]n attempted commercial transaction ... is therefore not within the scope of the FCRA." Id. at 435. *See, e.g.*, Lucchesi v. Experian Info. Sols., Inc., 226 F.R.D. 172, 174 (S.D.N.Y. 2005) (credit report "issued in connection with a business operated by the consumer" could not "form the basis of liability under the FCRA"); George v. Equifax Mortg. Servs., No. 06 Civ. 971 (DLI) (LB), 2010 WL 3937308, at *2 (E.D.N.Y. Oct. 5, 2010) ("[I]t is well established that the FCRA does not apply to business or commercial transactions, even when a consumer's credit report impacts such transactions."); Frost v. Experian, No. 98 Civ. 2106 (JGK) (JCP), 1999 WL 287373, at *5 (S.D.N.Y. May 6, 1999) ("The FCRA applies only to reports that relate to the consumer's applications for personal credit, not to his business transactions."); Podell v. Citicorp Diners Club, Inc., 914 F. Supp. 1025, 1036 (S.D.N.Y. 1996), aff'd, 112 F.3d 98 (2d Cir. 1997) ("[I]t is clear from its legislative history that the [FCRA] was intended to apply only to reports which relate to the consumer's eligibility for personal credit ... as a consumer, and not to the consumer's business transactions.") (quoting Boothe v. TRW Credit Data, 523 F. Supp. 631, 633 (S.D.N.Y. 1981))

Plaintiff's commercial financing transaction is plainly not "to be used primarily for personal, family or household purposes". See definition of a consumer report, §1681a(1)(A). Thus,

9

4325111.1

the FCRA provides no protection or cause of action and MicroBilt is entitled to summary judgment as a matter of law.

**Plaintiff Has not and Cannot Establish A Willful Violation of the FCRA**

If the Court is not inclined to grant summary judgment outright on Plaintiff's FCRA claim, it is respectfully submitted that summary judgment is due to be granted on any claim for punitive damages arising from allegations of willful or reckless FCRA violations. As explained in Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007)). "[A] company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Safeco, 551 U.S. at 69, 127 S.Ct. 2201. See also, Oestreicher v. Flagstar Bank, No. 23-CV-0239 (RER) (LKE), 2025 WL 3755609, at *10 (E.D.N.Y. Sept. 29, 2025) where the Court granted summary judgment on Plaintiff's FCRA willfulness claim because the consumer failed to show evidence that the defendant "maintained a policy or practice that categorically" violated the FCRA, or evidence which amounted to "conscious disregard" of the consumer's rights or defendant's FCRA obligations.

Plaintiff has not and cannot adduce an iota of evidence that MicroBilt's conduct of allowing an authorized and credentialed business customer to acquire an Equifax report through MicroBilt was reckless, particularly when it is undisputed that Plaintiff gave written authorization to Fox Capital, which is also the judgment holder. Under these circumstances, it is respectfully submitted MicroBilt is entitled to summary judgment on all claims for punitive damages.

## CONCLUSION

For all the foregoing reasons and authorities, MicroBilt respectfully requests that summary judgment be granted in its favor and against Plaintiff, the action be dismissed as to MicroBilt with prejudice, and costs and fees be awarded.

Dated: February 4, 2026

Respectfully submitted,

/s/ Bruce S. Luckman
Bruce S. Luckman (BL – 3461)
bluckman@shermansilverstein.com
Sherman, Silverstein, Kohl, Rose,
& Podolsky, P.A.
308 Harper Drive, #200
Moorestown, NJ  08057
Telephone:    (856) 662-0700

11

4325111.1