UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JARRETT R. JENKINS,<br><br>                              *Plaintiff,*<br><br>    – against –<br><br>MICROBILT CORPORATION,<br><br>                              *Defendant.* | **MEMORANDUM & ORDER**<br>25-cv-03055 (NCM) (ST) |

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Jarrett Jenkins brings this action against MicroBilt Corp. ("MicroBilt"), alleging a single violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* On April 28, 2025, plaintiff filed suit againt MicroBilt in Nassau County District Court alleging that MicroBilt violated the FCRA when it obtained his Equifax credit report without a permissible purpose. *See* Compl. ¶¶ 8, 17–19, *Jenkins v. MicroBilt Corp.*, No. CV-005263-25/NA (Nassau Cnty. Dist. Ct. April 28, 2025). MicroBilt removed the case to federal court pursuant to the Court's federal question jurisdiction. *See* Notice of Removal ("NOR") ¶ 7, ECF No. 1. Before the Court is MicroBilt's motion for summary judgment. *See generally* Mot.[1] For the reasons stated below, defendant's motion is **GRANTED**.

---

[1]      The Court hereinafter refers to defendant's Memorandum of Law in Support of its Motion for Summary Judgment, ECF No. 28-1, as the "Motion"; plaintiff's Memorandum of Law in Opposition of defendant's Motion, ECF No. 29, as the "Opposition"; and defendant's Reply Memorandum of Law in Further Support of its Motion, ECF No. 30, as the "Reply."

**BACKGROUND**

I.    **Statutory Background**

The FCRA imposes civil liability on anyone "who obtains a consumer report from a consumer reporting agency" without a "permissible purpose." 15 U.S.C. § 1681n(b). As relevant here, two such permissible purposes are furnishing a consumer report (1) "[i]n accordance with the written instructions of the consumer to whom it relates," 15 U.S.C. § 1681b(a)(2), or (2) "[t]o a person which [the consumer reporting agency] has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the . . . collection of an account of, the consumer," 15 U.S.C. § 1681b(a)(3).

II.    **Factual Background**

A.    *The Fox Capital Agreement*

In 2022, plaintiff entered into an agreement with Fox Capital Group whereby Fox Capital agreed to purchase 11 percent of the future receivables of plaintiff's limited liability company, Tate, LLC. Decl. of Bruce S. Luckman ("Luckman Decl.") ¶ 7(b); Luckman Decl. Ex. B ("Fox Capital Agreement") at 1; *see* Def's 56.1 Statement ¶ 2(b), ECF No. 28-2.[2] The

---

[2]    Page numbers for docket filings generally refer to the page numbers assigned in ECF filing headers. For defendant's Rule 56.1 Statement and the accompanying exhibits, however, citations are to the page numbers of each exhibit.

The facts set forth herein are taken from defendant's Rule 56.1 Statement and accompanying declarations and exhibits. *See* Def's 56.1 Statement. The Court notes that plaintiff's Rule 56.1 Counter-Statement is devoid of any citation to evidence that would be admissible as is required under Local Rule 56.1. *See generally* Pl's 56.1 Counter-Statement, ECF No. 27. Indeed, plaintiff cites no evidence at all but merely states that he "dispute[s]" each of MicroBilt's statements. *See* Pl's. 56.1 Counter-Statement 1–2. The Court "need consider only . . . cited materials." Fed. R. Civ. P. 56(c)(3). On January 6, 2026, the Court directed plaintiff to file a counter-statement of material facts directly responding to defendant's Rule 56.1 Statement in the form set forth in Local Rule 56.1

Fox Capital Agreement contains provisions that authorize Fox Capital "and its agents" to investigate plaintiff's "credit bureau reports" and history as a guarantor. Fox Capital Agreement §§ 1.5.1, 1.12; *see* Def's 56. 1 Statement ¶ 3. Section 1.12 of the Fox Capital Agreement provides:

> Merchant and each person signing this Agreement on behalf of Merchant and/or as Owner or Guarantor, in respect of himself or herself personally, authorize FCG to disclose information concerning Merchant's and each Owner's and each Guarantor's credit standing (including credit bureau reports that FCG obtains) and business conduct only to agents, affiliates, subsidiaries, funding partners and credit reporting bureaus.

Fox Capital Agreement § 1.12. Section 1.5.1 of the Fox Capital Agreement provides:

> Merchant, each Owner and each Guarantor authorize FCG and its agents to investigate their financial responsibility and history, and will provide to FCG any authorizations, bank or financial statements, tax returns and other financial records

---

and informed him that to the extent he needed assistance preparing his Rule 56.1 counter-statement, he was encouraged to contact the Hofstra University Pro Se Legal Assistance Program. Docket Order dated Jan. 6, 2026. Where a party "fails to properly . . . address another party's assertion of fact . . . , the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e). Accordingly, the statements contained in defendant's Rule 56.1 statement are deemed generally undisputed for purposes of this motion. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."). However, the Court does not rely on statements "with a wholly unsupportive record citation" just because of "plaintiff's failure to controvert [them]." *Id*. at 143 n.5. For example, the Court will not consider paragraph 14 of the Wojciechowski Declaration, which references the the contents of a telephone call Mr. Wojciechowski had with Tim Bender. Luckman Decl. Ex. D ("Wojciechowski Decl.") ¶ 14. Mr. Wojciechowski states that, during that call, Mr. Bender told him that the "reference to the Fox Capital judgment was accurate" and that the credit inquiry on plaintiff's report was related to a "collection risk analysis [conducted] for Fox Capital and its lender, Wells Fargo." Wojciechowski Decl. ¶ 14. Those statements are inadmissible hearsay. *Leeber Realty LLC v. Trustco Bank*, 316 F. Supp. 3d 594, 600–01 (S.D.N.Y. 2018) ("This affirmation describes the contents of a telephone conversation . . . with . . . [someone] who was never deposed[] [and] has not submitted an affidavit or declaration . . . . Therefore, this affirmation contains inadmissible hearsay statements, and the Court will not consider it in deciding the instant [m]otion.").

3

> as FCG deems necessary in its sole and absolute discretion prior to or at any time after execution of this Agreement through the Expiration Date.

Fox Capital Agreement § 1.5.1.

Plaintiff signed the Fox Capital Agreement as guarantor for Tate, LLC. Fox Capital Agreement 7. Unfortunately, the relationship between Fox Capital Group and plaintiff deteriorated to the point that Fox Capital Group sued plaintiff, and, on December 2, 2024, obtained a judgment against him in the amount of $62,211.18. Def's 56.1 Statement ¶ 4; Luckman Decl. ¶ 7(c); Luckman Decl. Ex. C ("Fox Capital Judgment") at 3.

### B.    Plaintiff's Credit Report

MicroBilt is a consumer reporting agency ("CRA") and reseller of consumer reporting services and consumer reports (a "Reseller") as those terms are defined in the FCRA. Wojciechowski Decl ¶ 3. MicroBilt provides access to consumer credit, including by reselling consumer reports via Experian and Equifax, to its authorized business customers. Wojciechowski Decl. ¶ 4. To become an authorized business customer, potential MicroBuilt partners must go through a credentialing process that includes signing an agreement to certify each FCRA "permissible purpose" for which the consumer credit is requested. Def's 56.1 Statement ¶ 5; Wojciechowski Decl. ¶ 4. MicroBilt credentials all business customers prior to their access to its FCRA-governed databases. Wojciechowski Decl. ¶ 6.

Alliance Title Services ("ATS") is one of MicroBilt's authorized business customers. Def's 56.1 Statement ¶ 6; Wojciechowski Decl. ¶¶ 6–7. ATS obtained plaintiff's Equifax report on December 11, 2024 in connection with a "review of collections" for Fox Capital. Wojciechowski Decl. ¶ 11; Wojciechowski Decl. Ex. 4 ("ATS Audit Verification").

On April 28, 2025, plaintiff commenced an action in Nassau County District Court asserting that MicroBilt obtained his consumer credit report in violation of the FCRA. Compl. ¶¶ 8, 17–19. Defendant received the complaint on May 5, 2025 and timely removed the action to this Court. NOR ¶¶ 3, 5.

On May 7, 2025, MicroBilt audited ATS's inquiry regarding plaintiff's credit report. Wojciechowski Decl. ¶ 10; Wojciechowski Decl. Ex. 3. On May 9, 2025, ATS responded, describing its permissible purpose as a "review of collections" for Fox Capital. Wojciechowski Decl. ¶ 11; ATS Audit Verification.

Following completion of discovery, defendant filed a motion for summary judgment, and plaintiff opposed defendant's motion. *See generally* Mot.; Opp'n.

**LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 259 (2d Cir. 2021).[3] Facts are in genuine dispute when "the jury could reasonably find for" the non-moving party based on the evidence in the record. *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021).

The movant "bears the initial burden of showing that there is no genuine dispute as to a material fact." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). Where the moving party meets their burden, the non-moving party must provide sufficient evidence establishing a genuine issue of material fact beyond "[t]he mere existence of a scintilla of

---

[3]    Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

evidence." *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012). The court need only consider admissible evidence and is not obligated to conduct an independent review of the record to identify a factual dispute. *Looney v. Macy's Inc.*, 588 F. Supp. 3d 328, 340 (E.D.N.Y. 2021).

## DISCUSSION

### I.   Permissible Purpose

Defendant argues that it cannot be liable for providing plaintiff's credit report to ATS because it had two permissible purposes: (1) plaintiff "authorized his report to be obtained" via the provisions of the Fox Capital Agreement and (2) it "had reason to believe" ATS would obtain and use the information for "permissible purposes" given that ATS was a credentialed business customer. Mot. 12–13. The Court agrees on both fronts.[4]

First, by signing the Fox Capital Agreement, plaintiff provided "written instructions," 15 U.S.C. § 1681b(a)(2), that allowed "[Fox Capital] and its agents to investigate [his] financial responsibility and history." Fox Capital Agreement ¶ 1.5.1; *see Taylor v. Experian*, No. 24-cv-00188, 2024 WL 2420542, at *4 (N.D.N.Y. May 1, 2024) ("[O]ne of the limited purposes [for which] a [credit reporting agency] may furnish a consumer report is in accordance with the written instructions of the consumer to whom it relates."), *report and recommendation adopted*, 2024 WL 2399917 (N.D.N.Y. May 23,

---

[4]   Because the Court finds that defendant had a permissible purpose, it need not reach defendant's argument, Mot. 13–14, that plaintiff's claim does not fall within the FCRA because it is based on a commercial transaction.

2024). Plaintiff's credit report is part of his financial history. Therefore, plaintiff authorized Fox Capital Group and its agents to obtain his credit report.

The evidence establishes that plaintiff owed Fox Capital roughly $60,000, Def's 56.1 Statement ¶ 4; Luckman Decl. ¶ 7(c); Fox Capital Judgment 3, and that ATS obtained plaintiff's credit report pursuant Fox Capital's "review of collections," Wojciechowski Decl. ¶ 11; ATS Audit Verification. So ATS was acting as an "agent[] [of Fox Capital] investigat[ing] [plaintiff's] financial . . . history" when it obtained plaintiff's credit report. Fox Capital Agreement ¶ 1.5.1. Because ATS was acting as an agent of Fox Capital Group, pursuant to written instructions by plaintiff authorizing Fox Capital Group and its agents to investigate his financial history, ATS had a permissible purpose to obtain plaintiff's credit report. Accordingly, defendant had a permissible purpose to provide ATS with plaintiff's credit report. *See* 15 U.S.C.A. § 1681b(a)(2) ("[A]ny consumer reporting agency may furnish a consumer report . . . [i]n accordance with the written instructions of the consumer to whom it relates.").

Defendant had a permissible purpose to furnish plaintiff's credit report even without the Fox Capital Agreement because defendant had "reason to believe" that ATS was going to obtain and use plaintiff's credit report for a permissible purpose. 15 U.S.C. § 1681b(a)(3). Defendant conducts an extensive authorization and credentialing process with each of its prospective business customers. Def's 56.1 Statement ¶ 5; Wojciechowski Decl. ¶ 4. During that process, and prior to obtaining access to defendant's FCRA-governed databases, each of defendant's prospective business customers must sign an agreement to certify each FCRA permissible purpose for which consumer credit is requested. Wojciechowski Decl. ¶¶ 4, 6; *see* Def's 56.1 Statement ¶ 5. Indeed, ATS signed an agreement with defendant stating that it would "strictly comply with the FCRA" and

7

that it would certify that all consumer reports would only be requested for permissible purposes. Wojciechowski Decl. ¶ 7; Def's 56.1 Statement ¶ 6; *see* Wojciechowski Decl. Ex. 2 ("User Agreement") § C.1 ("User shall, . . . identify the end user . . . of each consumer credit or other [i]nformation prior to requesting such[] [and] certify each specific permissible purpose as defined in the FCRA.").

The evidence confirms that defendant's reasonable belief was correct—ATS did have a permissible purpose to obtain plaintiff's credit report. Fox Capital became a judgment creditor when the Nassau County District Court entered judgment against plaintiff. Def's 56.1 Statement ¶ 4; Fox Capital Judgment 3. ATS obtained plaintiff's credit report pursuant to Fox Capital Group's "review of collections." Wojciechowski Decl. ¶ 11; ATS Audit Verification. "[O]btaining information in order to collect debt is a permissible purpose." *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, No. 08-cv-04207, 2012 WL 1038804, at *5 (E.D.N.Y. Mar. 28, 2012). Therefore, ATS had a permissible purpose for obtaining plaintiff's credit report—the "collection of an account of [plaintiff]." 15 U.S.C. § 1681b(a)(3)(A); *see Baker v. Bronx-Westchester Investigations, Inc.*, 850 F. Supp. 260, 262 (S.D.N.Y. 1994) ("[Defendant] had a permissible purpose to obtain a credit report on plaintiff because the collection of her judgment . . . constitutes a collection of an account under § 1681b[a](3)(A).").

Accordingly, defendant had a permissible purpose to furnish plaintiff's credit report to ATS. Because "a showing of a permissible purpose is a complete defense,"

summary judgment must be granted. *Edge v. Pro. Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999), *aff'd*, 234 F.3d 1261 (2d Cir. 2000) (summary order).

## II.    Plaintiff's Factual Disputes

Plaintiff attempts to avoid this result by disputing defendant's narrative on several grounds. None are persuasive, however, because these disputes are not material. While plaintiff argues that defendant's version of the facts should not be credited, he has not pointed to sufficient admissible evidence, by testimony, affidavit, or otherwise, to raise a triable issue of fact as to defendant's permissible purpose defense. Therefore, plaintiff has not adduced more than a mere "scintilla of evidence" in support of his position, and there is insufficient "evidence on which the jury could reasonably find" for plaintiff. *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)); *see also Fioranelli v. CBS Broad. Inc.*, 551 F. Supp. 3d 199, 254 (S.D.N.Y. 2021) ("Plaintiff relies only on conclusory allegations[] [and] unsubstantiated speculation, and does not provide significant probative evidence on which a reasonable jury could decide in his favor."). Nonetheless, the Court will briefly address each of plaintiff's arguments.

First, plaintiff contends that, because "MicroBilt Corporation" as opposed to Fox Capital, ATS, or any other actor, appeared on his Equifax report, the "face of the record" supports his position that defendant obtained his report. Opp'n 3–4. But the fact that defendant's name is the one that appeared on plaintiff's credit report does nothing to controvert defendant's evidentiary showing that it had a permissible purpose to provide plaintiff's credit report to ATS. *See supra* Section I.

Second, plaintiff rejects defendant's narrative that defendant "merely resold [plaintiff's credit report] to an authorized customer who was collecting on the Fox Capital

9

judgment," based on various discovery responses, arguing that defendant has failed to produce a "clean documentary trail." Opp'n 4. Plaintiff cites defendant's responses to his Requests for Production and Interrogatories, in which defendant denies having any communications with Equifax and obtaining plaintiff's consumer report, as evidence that defendant's purported documentary chain does not exist. Opp'n 4–5. Further, plaintiff suggests defendant's failure to admit "what appears on the face of [his] [credit] inquiry entry—including the company name" would lead a reasonable factfinder to question defendant's narrative. Opp'n 5.

None of these contentions move the needle. Defendant's permissible purpose defense does not rest on any communications with Equifax. It rests on the Fox Capital Agreement that plaintiff signed and defendant's reasonable belief that its business customer ATS obtained plaintiff's credit report for a permissible purpose, all of which defendant has provided evidence to support. Defendant's communciation with Equifax, or lack thereof, is irrelevant. Nor does the fact that defendant declined to admit or deny what appeared on plaintiff's credit inquiry controvert defendant's proffered permissible purpose which is, again, supported by evidence.

Third, plaintiff says that defendant's reference to its credentialed customer as "Alliance Title Group, d/b/a Alliance" in interrogatory responses and as "ATS/Alliance" in "its papers and supporting materials" means that "the identity of the relevant actor is not undisputed." Opp'n 6. The Wojciechowski Delaration, however, confirms ATS as the credentialed business customer who obtained plaintiff's credit report. Wojciechowski Decl. ¶¶ 6–7, 10–12. To defeat a motion for summary judgment, the nonmoving party

must do more than point to "some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Fourth, plaintiff argues that, because defendant's credentialing materials are from 2018, a reasonable factfinder could conclude that they do not establish that ATS is a credentialed customer as an "undisputed present-tense fact." Opp'n 6. Plaintiff, however, has not put forth any evidence that the proffered contracts expired or were amended.

Fifth, plaintiff says that the fact that MicroBilt first received the judgment documents from Fox Capital's suit against plaintiff after December 11, 2024—the date of the credit inquiry—means that those documents do not establish that the Fox Capital Agreement authorized this specific inquiry. Opp'n 7.

The fact that MicroBilt received the documents underlying Fox Capital's Judgment against plaintiff after the date of the inquiry does not undermine the evidence that ATS obtained plaintiff's credit report pursuant to Fox Capital's "review of collections," a permissible purpose. More to the point, it does not undermine the fact that defendant had reason to believe that ATS obtained plaintiff's credit report for a permissible purpose at the time defendant furnished the report.[5]

---

[5] Plaintiff also disputes Wells Fargo's involvement in the credit inquiry, but as stated above, *see supra* note 2, the Court does not (and need not) consider Wells Fargo's involvement to grant defendant's Motion.

11

**CONCLUSION**

For the reasons stated above, defendant's motion is granted. The Clerk of Court is respectfully directed to enter judgment and to close the case.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated: June 4, 2026
Brooklyn, New York

12